ELWOOD (ALFRED) C. WOOD, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43831.)

Memorandum: We concur with the Court of Claims determination that claimant is not entitled to recover for that part of his claim which is based upon the invalidity of the commitment papers at the time he was apprehended by the State Police. However, we cannot agree that claimant's rights were not violated by reason of his detention in the Marcy State Hospital after admission and after ample opportunity was afforded the hospital to ascertain the *bona fides* of the commitment certificate. From the outset claimant denied that he had ever been examined by the Health Officer who signed the certification, and who admitted upon trial that his statement was false. A phone call or any casual investigation would have revealed this fact to the authorities. The issue then became a jurisdictional one, rather than a case of medical judgment. The hospital cannot, on the facts before us, apply the rule that if the order is valid on its face, no independent investigation is required (*Douglas* v. *State of New York*, 269 App. Div. 521, 524, affd. 296 N. Y. 530). This would be applicable if there were no knowledge that there was in fact no basis for the execution of the certificate (*Montanaro* v. *State of New York*, 42 Misc 2d 851). A similar situation occurred in *Mierop* v. *State of New York* (22 Misc 2d 216) where the commitment order recited that it had been executed upon the recommendation of the hospital superintendent who had examined claimant pursuant to a prior order, when in fact there had been no prior order. The superintendent was charged with knowledge of this, which made the order invalid. Nothing the authorities did after claimant entered the hospital, when notice was given of the invalidity of the certification, validated the certificate. The State did nothing to protect itself after notice of the untruthfulness of the commitment certificate. The record further clearly shows that examination of claimant by the hospital staff cast grave doubt upon his incompetency. Even after claimant secured a writ of habeas corpus the hospital, without justification, still resisted releasing claimant and only did so just before the hearing on the writ was to be had. It is significant that when claimant was finally ordered released on March 26, because he was found not mentally ill, he was not discharged until April 3. This callous disregard of claimant's rights by the hospital mandates that he be compensated for the damage he suffered while illegally detained and we, therefore, remand this case to the

Court of Claims for assessment of the damages to be paid to claimant. (Appeal from judgment of Court of Claims dismissing claim for damages for false imprisonment.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.