■ PHEINIHAS BOWLES, Appellant, v STATE OF NEW YORK, Respondent. [617 NYS2d 712] —Order, Court of Claims (Robert M. Quigley, J.), entered January 27, 1992, which, *inter alia,* granted the defendant's motion to dismiss the claim, unanimously modified, insofar as appealed and as limited by the claimant's brief, on the law, to deny the defendant's motion to dismiss the first, second, third, fourth, sixth and seventh causes of action and those causes of action are reinstated, and the claimant is directed to submit a certificate of merit within 30 days of receipt by him of notice of entry of this order with respect to the first, second, sixth and seventh causes of action, and otherwise affirmed, without costs.

After his arrest in 1985, the Albany Police Court determined that the claimant was mentally retarded and remanded him to the care and custody of the New York State Office of Mental Retardation and Developmental Disabilities (OMRDD)

where he remained in a secure facility for five years. The claimant maintained that although he had psychiatric problems, he was not mentally retarded, was not provided with appropriate treatment for his psychiatric disorder and was not placed in a facility which was able to meet his needs.

In his claim filed in 1991, the claimant asserted twelve causes of action against the State: (1) negligence by the professionals at the State facilities in their diagnosis, treatment and care (2) negligence in permitting professionals trained to treat the mentally retarded to treat him although not qualified to do so (3) false imprisonment during the summer of 1990 (4) false imprisonment during December of 1990 when the Attorney-General's Office brought a defective Order to Show Cause (5) intentional assault during his confinement (6) negligent supervision of his care (7) improper care administered since his commitment (8) legal malpractice for failure to appeal the commitment order of the Albany Police Court (9) legal malpractice for failing to contest or oppose any of the recommitment proceedings despite knowledge that the claimant was not mentally retarded (10) the Attorney-General's Office violated its duty as a prosecutor by filing the false retention application (11) the Attorney-General's Office maliciously and willfully sought the retention order (12) intentional infliction of emotional distress.

The Court of Claims granted the defendant's motion to dismiss the claims in their entirety. The claimant does not challenge the dismissal of his fifth and twelfth causes of action.

The Court of Claims erred in its conclusion that the first, second, third, sixth, seventh, eighth and ninth causes of action must be dismissed as barred by the Statute of Limitations. Court of Claims Act § 10 (5) permits a claimant under legal disability to present a claim within two years after such disability is removed. The Court of Claims found that although the claimant appeared to be a mentally disturbed person, the fact that he brought suit in his own name without first seeking the appointment of a guardian ad litem implied that he was not disabled. Moreover, since he contended that there never was a factual basis for his commitment as a retarded person, there was no justification for tolling the Statute of Limitations.

Court of Claims Act § 10 (6) "expressly incorporates the time limitations and tolling provisions of CPLR article 2, and section 9 (9) requires that Court of Claims practice follow Supreme Court practice, unless other provisions are expressly

made." *(Dreger v New York State Thruway Auth.,* 81 NY2d 721, 723.) Court of Claims Act § 10 (5) provides a toll for "legal disability" while CPLR 208 affords an insanity toll to "individuals who are unable to protect their legal rights because of an over-all inability to function in society" *(McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548; *see also, Matter of Cerami v City of Rochester School Dist.,* 82 NY2d 809, 812). Although the Legislature intended the tolling provision to be narrowly interpreted *(McCarthy v Volkswagen of Am., supra,* at 548), the surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights must be considered *(Matter of Cerami v City of Rochester School Dist., supra).*

The record supports the conclusion that the claimant suffered a "legal disability" sufficient to toll the Statute of Limitations. After the Albany Police Court ruled that the claimant was mentally retarded and suffering from a "dangerous mental disorder" pursuant to CPL 330.20, he was committed to a State facility where, after a series of recommitment orders were signed, he remained for five years as a ward of the State. The claimant's psychiatric records, in addition to his confinement to a secure facility for a "dangerous mental disorder", demonstrate that he was unable to protect his legal rights *(see, Cairl v County of Westchester,* 150 AD2d 749; *Wheeler v State of New York,* 104 AD2d 496; *Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664; *Kurtz v State of New York,* 40 AD2d 917, *affd* 33 NY2d 828; *Danna v State of New York,* 207 Misc 505; *Williamsen v State of New York,* 207 Misc 281).

The fact that no committee was appointed on his behalf does not preclude a tolling for his disability *(see, Gomillion v State of New York,* 51 Misc 2d 952, 953; *Lee v State of New York,* 187 Misc 268, 275-276). Moreover, since the claimant was committed and recommitted to State institutions after the State continuously asserted that he suffered from a dangerous mental disorder, providing him with care and treatment, the State is estopped from attempting to avoid the application of section 10 (5) by contending that the claimant has always been competent *(see, Lee v State of New York, supra).*

While it was error to bar the claimant's eighth and ninth causes of action on Statute of Limitations grounds, those causes of action were properly dismissed for failure to comply with Court of Claims Act § 11 (b). That section requires a notice of intention to file a claim to set forth the time when and place where such claim arose and its nature. Its purpose

is to provide the State with notice so that it may investigate the claim *(Barski v State of New York,* 43 AD2d 767; *Chalmers & Son v State of New York,* 271 App Div 699, *affd* 297 NY 690; *Schwartzberg v State of New York,* 121 Misc 2d 1095, *affd* 98 AD2d 902).

The claimant's eighth and ninth causes of action alleged legal malpractice against the New York State Mental Hygiene Legal Services (MHLS) for failing to appeal the Albany Police Court order of 1985 and for failing to oppose subsequent applications to recommit the claimant. However, the claimant's notice of intention merely alleged that each commitment was "unjustified, wrongful and unsupported by law or fact" and was "caused or contributed to by the negligent or intentional acquiescence in protecting or failing to protect claimant's rights to liberty and Due Process of Law by those charged with protecting those rights, including * * * the New York State Mental Hygiene Legal Services, Third Department; the New York State Mental Hygiene Legal Services, Fourth Department; the New York State Attorney-General's Office; and OMRDD."

The notice of intention failed adequately to apprise the defendant of the nature of the claimant's malpractice claim against MHLS. The record also reveals that while MHLS attended some proceedings, it did so on an informational basis only *(see,* Mental Hygiene Law § 47.03), since the claimant was represented by assigned counsel at all of the commitment proceedings. As the Court of Claims noted, regardless of MHLS' involvement in these proceedings, the claimant's allegations were directed at the action or inaction of his assigned counsel, not MHLS.

While the claimant's legal malpractice claims against MHLS were properly dismissed, it was error to dismiss his medical malpractice causes of action for failing to serve a certificate of merit. Despite the claimant's contention that he was proceeding under the theory of res ipsa loquitur and, therefore, did not have to serve a certificate of merit, the conduct complained of clearly sounded in medical malpractice, requiring the service of such certificate (CPLR 3012-a; *Rice v Vandenebossche,* 185 AD2d 336, 338).

However, the proper sanction at this stage of the proceedings was not dismissal, but to afford the claimant 30 days to comply with the statute *(Dye v Leve,* 181 AD2d 89; *Kolb v Strogh,* 158 AD2d 15). Should the claimant fail to serve the certificate of merit within the 30 day period, other sanctions, including dismissal, may be imposed *(Rice v Vandenebossche,*

*supra,* at 338; *Dye v Leve, supra).* Accordingly, the first, second, sixth and seventh causes of action should be reinstated and the claimant directed to file a certificate of merit within 30 days.

The claimant's fourth cause of action for false imprisonment should also be reinstated. The claimant alleged that on December 13, 1990, the respondent, acting through an Assistant Attorney-General, knowingly submitted an "illegal" Order to Show Cause with Temporary Restraining Order to the Monroe County Court, which led to his unlawful confinement at a facility for six days. A subsequent court order found the Order to Show Cause, which was accompanied by an affidavit from the Director of Forensic Services rather than from a psychiatric examiner, to be "inappropriate and frivolous."

Since the allegations suggest that the respondent's actions were punitive in nature and not based on compliance with the statutory mandates of CPL 330.20, they were not privileged. The claimant may proceed on this cause of action *(see, Wood v State of New York,* 28 AD2d 643). The third cause of action, which the Court of Claims found was not subject to dismissal because of privilege, but which was dismissed as time-barred, should also be reinstated, in light of our determination that the Statute of Limitations was tolled by Court of Claims Act § 10 (5).

The tenth and eleventh causes of action against the Attorney-General for prosecuting the involuntary commitment proceeding in December of 1990 were properly dismissed. The Attorney-General's Office is absolutely immune from civil liability in the circumstances even if motivated by malice *(see, Rosen & Bardunias v County of Westchester,* 158 AD2d 679, 680, *lv denied* 76 NY2d 703, *cert denied* 498 US 1086; *see also, Arteaga v State of New York,* 72 NY2d 212). Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.