Mary Ann WENZEL, Plaintiff,

v.

The NASSAU COUNTY POLICE DEPARTMENT and the County of Nassau, Defendants.

No. CV–93–4888 (ADS).

United States District Court, E.D. New York.

Feb. 14, 1996.

Leeds & Morelli, Carle Place, New York, for Plaintiff (Eileen Campbell, of counsel).

Mulholland, Minion & Roe, Williston Park, New York, for Defendants (Ronald J. Morelli, of counsel).

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

The plaintiff, Mary Ann Wenzel (the "plaintiff" or "Wenzel"), is a former Nassau County Police Officer who brought this lawsuit pursuant to 42 U.S.C. § 1983. She filed her Complaint in federal court on October 29, 1993 alleging violations of her civil rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. The gravamen of Wenzel's Complaint is that she was deprived of her personal and individual liberty, and was made a virtual prisoner in her own home, as a result of the defendants' harassment and intentional infliction of severe emotional distress.

The defendants deny the plaintiff's allegations and filed a motion for judgment on the pleadings dismissing the Complaint pursuant to Fed.R.Civ.P. 12(c) on March 24, 1995. The defendants contend that the claims are time barred because the statute of limitations had expired prior to the date Wenzel filed the Complaint. Specifically, the defendants assert that the alleged unlawful activity transpired in 1986 and 1987 and, the three year statute of limitations applicable in section 1983 actions expired in 1990. *See Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989), *aff'g,* 816 F.2d 45 (2d Cir.1987) (recognizing the three year statute of limitations applicable in section 1983 actions). Alternatively, the defendants contend that even if the Court found that the unlawful activity continued until Wenzel retired from the police force on May 5, 1990, her claims would still be time barred because the statute of limitations would have expired on May 4, 1993 and she did not file this lawsuit until October 29, 1993.

While the plaintiff admits that she did not commence this action until sometime after the statute of limitations had expired, she contends that the action is timely because the statute of limitations was tolled pursuant to New York Civil Law and Practice Rules ("CPLR") § 208 as a result of her insanity.

On August 5, 1995, this Court issued a Memorandum of Decision and Order with respect to the motion for judgment on the pleadings. Familiarity with said Memorandum Decision is presumed. In its August 5, 1995 decision the Court referred this matter to United States Magistrate Judge Viktor V. Pohorelsky to conduct a hearing and report and recommend as to whether the statute of limitations should be tolled "during part or all of the period from May 1990 until October 1993," pursuant to the provisions of CPLR section 208, so that the plaintiff's claims would be preserved.

### I. *The report and recommendation*

On October 17, 1995, Magistrate Judge Pohorelsky issued a report recommending that the insanity provisions of CPLR section 208 did not toll the statute of limitations. As this Court recognized in its August 5, 1995 decision,

> CPLR § 208 states that the statute of limitations period is extended if "a person entitled to commence an action is under a disability because of ... insanity at the time the cause of action accrues."

> \* \* \* \* \* \*

The New York Court of Appeals has defined "insanity" under section 208 to include "only those individuals who are unable to protect their legal rights because of

an over-all inability to function in society." *McCarthy v. Volkswagen of Am.,* 55 N.Y.2d 543, 548, 450 N.Y.S.2d 457, 460 [435 N.E.2d 1072, 1075] (1982). The plaintiff "must have been unable to recognize a legal wrong and to engage an attorney to remedy the wrong." *Sanders [v. Rosen,* 159 Misc.2d 563], 605 N.Y.S.2d [805] at 814 (other citations omitted).

Significantly, apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone have been held to be insufficient to invoke the tolling provisions of CPLR § 208. *See, e.g., McCarthy,* 55 N.Y.2d at 548–49, 450 N.Y.S.2d at 460 [435 N.E.2d at 1075] (other citations omitted). Rather, the mental disability must be "severe and incapacitating." *Sanders v. Kiley,* [1995 WL 77916 at *5], 1995 U.S. Dist LEXIS 2130 at *12–*13 (S.D.N.Y.1995). . . . However, where repression, trauma or neurosis is "but one of a bundle of claimed injuries the totality of which, if established, would indicate an overall inability to function in society, then the Statute of Limitations will be tolled." *Anonymous v. Anonymous,* 154 Misc.2d 46, 584 N.Y.S.2d 713, 721 (Sup Ct. Suffolk Co.1992).

*Wenzel v. Nassau County Police Department,* 93 CV 4888 (ADS) (August 5, 1995) at 10–12 (Spatt, J.).

Applying these standards narrowly, *see McCarthy,* 55 N.Y.2d at 548, 450 N.Y.S.2d at 460, 435 N.E.2d at 1075, Magistrate Judge Pohorelsky determined that the plaintiff was not insane as that term is applied in CPLR section 208, and therefore the statute of limitations had not been tolled. In reaching this conclusion the Magistrate Judge recognized that while Wenzel paid "a heavy psychological toll, . . . including bouts of depression, apathy and anxiety," following the birth of her severely handicapped daughter in 1987, she was not so "incapacitated as to prevent her from protecting her own legal rights." *Wenzel v. Nassau County Police Department,* 93 CV 4888 (ADS) (October 17, 1995) at 2–3 (Pohorelsky, M.J.).

In support of this conclusion, the Magistrate Judge noted the testimony of Evelyn Gottlieb, a certified social worker and psychological counselor who met with the plaintiff on a weekly basis from "early 1991 until several months ago." According to the report and recommendation, Ms. Gottlieb testified that the plaintiff was capable of caring for herself and for her daughter. She participated actively in decisions regarding her daughter's health care and education. When Gottlieb met with the plaintiff she was always "well-groomed, appropriately dressed, communicative, non-hostile, lucid and oriented as to time and space." *Id.* at 3.

In addition to Ms. Gottlieb's testimony, evidence was introduced that in the three year period following the birth of her daughter, the period in which Wenzel was suffering from depression, the plaintiff consulted legal advisors on a variety of matters. For example, in 1988 and 1989, she consulted an attorney from the Police Benevolent Association ("PBA") and retained counsel for the purpose of securing Social Security Benefits. In 1989, she consulted an attorney and settled a personal injury lawsuit pending in State Supreme Court, Nassau County, *Wenzel v. Henning,* No. 8352/87. Upon her retirement from the police department in May 1990, the plaintiff obtained a permit to carry a firearm. In so doing, she signed a proclamation under oath, which stated that she had never suffered from mental illness. Based on these facts Magistrate Judge Pohorelsky concluded that "the plaintiff [was able] to recognize her legal rights, and perhaps, more importantly, an ability to obtain assistance of counsel to protect those legal rights. *See Sanders,* 605 N.Y.S.2d at 814." *Id.* at 5. Accordingly, the Magistrate Judge recommended that Wenzel did not suffer from insanity as that term is used in CPLR section 208.

II. *Wenzel's objections*

On October 26, 1995, Wenzel filed her objections to the report and recommendation. In her objections, the plaintiff recognizes that in order to toll the statute of limitations under CPLR section 208, her "insanity must be so consuming as to render [her] unable to protect her legal rights." Plaintiff's Obj. to Rep. & Rec. at 5, citing, *Bowles v. State of N.Y.,* 208 A.D.2d 440, 617 N.Y.S.2d 712 (1st Dep't 1994); *Yannon v. RCA Corp.,* 131 A.D.2d 843, 517 N.Y.S.2d 205 (2d Dep't 1987).

Applying this standard however, Wenzel contends that at the hearing she demonstrated that during the period in question she was so "consumed by a severe and incapacitating depression" that she was unable to "look[ ] after her own needs and any legal remedies she had." *Id.* at 6. She stated that she

functioned only through the constant attention bestowed upon her by her mother, with whom she lived, and by her fiancé, John Barbuto. They drove Ms. Wenzel and her daughter to doctors' appointments, the physical therapist and the social worker, Evelyn Gottlieb. Ms. Wenzel's mother and fiancé took care of all her needs, including shopping, cleaning the house, preparing meals and maintaining her checkbook.

*Id.* Wenzel contends that the Magistrate Judge's conclusions amount to "penalizing" her for having a fiancé and parents who were so protective that they led her to "take actions she could not have otherwise have taken on her own after the birth of her daughter." Consistent with this thesis, the plaintiff asserts that any legal actions she took, such as applying for pension benefits, a pistol application, and settlement of her lawsuit brought prior to the birth of her daughter, were undertaken "without [her] knowing what she was [do]ing." She asserts that she engaged in these activities only at the behest of her fiancé. *Id.* at 7. Conversely, she states that this lawsuit, which was commenced in October 1993, was solely her decision, a decision she was unable to make until 1993 when her "severe depression alleviated."

In addition, Wenzel objects to the report and recommendation's interpretation of Evelyn Gottlieb's testimony. The report and recommendation recounts that Gottlieb testified that Wenzel's condition was not serious enough to warrant drug treatment or hospitalization. However, Wenzel asserts that Gottlieb testified that she advised the plaintiff that she should have seen a psychiatrist for drug treatment but the plaintiff refused.

The defendants respond that the report and recommendation should be adopted by this Court. They assert that, following the birth of her daughter, Wenzel exercised her legal rights on numerous occasions. In October 1987 she attended a deposition in which she testified under oath regarding her personal injury lawsuit, *Wenzel v. Henning,* No. 8352/87. In 1988, Wenzel consulted a PBA attorney regarding an application for maternity leave. Also in 1988, the plaintiff underwent elective surgery at Winthrop hospital. This procedure required that Wenzel sign a surgical consent stating that she understood what the surgery entailed and that the doctor explained the procedures to her. In 1989, the plaintiff reapplied for disability benefits after again consulting with a PBA attorney and she later attended a hearing regarding this matter. Again in 1989, Wenzel applied for social security benefits and requested an extension of maternity leave after consulting with an attorney. Finally in 1989, the plaintiff settled the aforementioned personal injury suit for $82,000. In 1990, the plaintiff applied for a pistol permit. In the application she signed a sworn statement that she has never suffered from any mental illness. This application was repeated in 1993, with Wenzel making the same sworn statement.

The defendants also dispute the plaintiff's interpretation of Gottlieb's testimony. According to the defendants, while Gottlieb testified that Wenzel was severely depressed, she never testified that the plaintiff was insane. To the contrary, the testimony establishes "that there were no abnormalities in the plaintiff's mental status evaluation." During the course of her therapy with Gottlieb, the plaintiff's appearance was appropriate and she was always oriented as to time and space. Accordingly, the defendants contend that Gottlieb's testimony is not a basis to reject the report and recommendation of the Magistrate Judge.

III. *Discussion*

After reviewing the parties' submissions, and applying the standards regarding CPLR section 208, which were initially set forth in this Court's August 5, 1995 decision, and recounted above, the Court adopts the report and recommendation of Magistrate Judge Pohorelsky. The standard for applying CPLR section 208 is set forth in *McCarthy.* Section 208 applies "to only those individuals who are unable to protect

their legal rights because of an over-all inability to function in society." *McCarthy,* 55 N.Y.2d at 548, 450 N.Y.S.2d at 460, 435 N.E.2d at 1075. In developing this standard, the New York Court of Appeals noted that section 208 should be "narrowly interpreted."

> When the CPLR was enacted, the Advisory Committee on Practice and Procedure reviewed the possibility of substituting the phrase "mental illness" for the term "insanity" contained in the tolling provision. This suggestion was rejected because of the fear that this change might result in unwarranted extensions of the time within which to commence an action.

*Id.,* citing, Fifth Rep. Of N.Y. Adv. Comm., N.Y.Legis. Doc., 1961, No. 15, p. 43.

 Applying the test set forth in *McCarthy* narrowly, the Court finds that the plaintiff must establish both that she was unable to protect her legal rights, and that her inability to protect these rights was the result of an over-all inability to function in society. Although there is evidence of Wenzel's inability to function in society, the Magistrate Judge properly concluded that the plaintiff has been able to protect her legal rights during the period in question. Therefore, the tolling provision of CPLR section 208 does not apply. As recounted above, during the period Wenzel contends she was insane, she participated in a personal injury suit in which she was deposed and which she ultimately settled. She also sought maternity leave and applied for social security benefits with the advice of counsel and filed two applications for pistol permits in which she signed sworn statements stating that she did not suffer from mental illness.

Based on these facts, this Court adopts the report and recommendation of the Magistrate Judge and holds that the three year statute of limitations applicable in section 1983 claims was not tolled during the period from May 1990 to October 1993. Accordingly, the Court concludes that this lawsuit is time barred, and the defendants' motion for judgment on the pleadings dismissing the Complaint is granted.

Parenthetically, the Court notes that the plaintiff attempts to obviate the Magistrate Judge's report and recommendation on the ground that it applies a higher standard than that required under *McCarthy.* Specifically, Wenzel contends that Magistrate Judge Pohorelsky relied on *Yannon v. RCA Corp.,* 131 A.D.2d 843, 517 N.Y.S.2d 205 (2d Dep't 1987) (finding that CPLR section 208 applies where the plaintiff suffered from "presenile dementia" which was so severe that he could not tie his shoes or add two numbers together and had suffered from permanent cognitive and memory impairment) and *Bowles v. State of N.Y.,* 208 A.D.2d 440, 617 N.Y.S.2d 712 (1st Dep't 1994) (finding CPLR section 208 applicable where the plaintiff suffered from mental retardation and a "dangerous mental disorder" and had been a ward of the state in a mental facility for five years) to create an unnecessarily stringent threshold requirement that the mental disability at issue be "truly severe." The Court disagrees. The report and recommendation relies on *Yannon* and *Bowles* not to create an artificially high standard for applying CPLR section 208, but rather to illustrate the narrow interpretation of section 208 which the courts are to apply. Accordingly, the report and recommendation's reliance on *Yannon* and *Bowles* was appropriate.

## IV. *Conclusion*

After reviewing the submissions of both parties, and for the reasons set forth above, it is hereby

ORDERED, that the report and recommendation of United States Magistrate Judge Viktor V. Pohorelsky, dated October 17, 1995 is confirmed; it is further

ORDERED, that the defendants' motion for judgment on the pleadings dismissing the Complaint is granted; and it is further

ORDERED, that the Clerk of the Court close this case.