■ Kirk McDowell, Appellant, v State of New York, Respondent. [646 NYS2d 867] —In a claim to recover damages for personal injuries, the claimant appeals from (1) an order of the Court of Claims (Hanifin, J.), entered August 2, 1995, which granted the defendant's motion to dismiss the claim and denied the claimant's cross motion for leave to file a late claim and (2) so much of an order of the same court entered January 17, 1996, as, upon renewal, in effect, adhered to the original determination.

Ordered that the appeal from the order entered August 2, 1995 is dismissed, without costs and disbursements as that order was superseded by the order entered January 17, 1996, made upon renewal; and it is further,

Ordered that the order of January 17, 1996 is affirmed insofar as appealed from, without costs or disbursements.

The claimant, an inmate at the Mid-Orange Correctional Facility, allegedly sustained injuries while he was loading a truck.

The claimant timely filed a notice of intention to file a claim, but failed to timely file his claim within one year after its accrual (Court of Claims Act § 10 [3-b]). The claimant's notice of intention identified the time and place of the accident, but did not specify the nature of the claim or the claimed injuries. Therefore, the court properly dismissed the claim since the notice of intention did not contain facts sufficient to constitute a claim *(see,* Court of Claims Act § 10 [8]; § 11 [b]; *Bowles v State of New York,* 208 AD2d 440, 442-443).

Moreover, the court providently exercised its discretion insofar as it denied the claimant's applications for leave to file a late claim *(see, Horan v Mirando,* 221 AD2d 506; *Velez v Cohan,* 203 AD2d 156, 157; *Burn v Hinckley,* 196 AD2d 837; *Craft v Brantuk,* 195 AD2d 438). Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.