■ RODRIGO H. MUJICA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 104358.) [805 NYS2d 194]—

Rose, J. Appeal from an order of the Court of Claims (Sise, J.), entered August 24, 2004, which, upon renewal, inter alia, granted defendant's motion for summary judgment dismissing the amended claim.

Claimants, who are per diem court interpreters, commenced this action in May 2001 alleging that, beginning in 1983, defendant had improperly classified them as independent contractors, rather than public employees. As damages, claimants sought $5 million for "payroll taxes, wages, benefits, vacation pay, sick leave, seniority and other rights and privileges." When defendant moved to dismiss the claim on various grounds, the Court of Claims granted the motion on the ground that the claim was not properly verified.

Claimants moved for reconsideration and, while their motion was pending, the Court of Appeals rendered its decision in *Lepkowski v State of New York* (1 NY3d 201 [2003]). The Court of Claims then granted renewal and, in light of *Lepkowski*, modified its prior order by vacating the dismissal premised on an improper verification (*see id.* at 210). Instead, it dismissed on the ground that claimants' failure to plead the required elements of their claim was a jurisdictional defect (*see id.* at 207-209). Claimants appeal.

We are unpersuaded by claimants' initial contention that the legal sufficiency of their claim was not properly an issue before the Court of Claims. The record shows that, following the decision in *Lepkowski*, claimants called its holding to the attention of the court and asked to have it applied to the issue of verifica-

tion in their case. In response, defendant likewise asked the court to consider *Lepkowski* and to apply it as well to dismiss the claim for the same insufficiency found to be a jurisdictional defect in *Lepkowski* (*see id.* at 209). Thus, claimants themselves placed *Lepkowski* before the Court of Claims and they had adequate notice that the jurisdictional issue raised therein would be considered.

We are also unpersuaded by claimants' argument that their amended claim sufficiently set forth the elements mandated by Court of Claims Act § 11 (b). In *Lepkowski*, the Court of Appeals reiterated that the statutory conditions placed on claims against defendant are strictly construed. Here, the claim lacks specificity regarding the times when each of the individual claimants' claims arose, for it merely asserts that defendant's practice of treating interpreters as independent contractors was initiated in 1983 and is continuing (*see id.* at 207). In addition, the claim does not sufficiently set forth the items of damages of each of the individual claimants, as it contains only a general demand for $5 million (*see id.* at 208). Nor does claimants' allegation that the claim arose "in the New York City Courts" adequately state the place where each of the individual claims arose (*see id.* at 207-208). Accordingly, the Court of Claims did not err in dismissing the claim for lack of jurisdiction.

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.