■ JOHN BANCHS RIVERA, Appellant, v STATE OF NEW YORK, Respondent. [860 NYS2d 294]—

Kane, J. Appeal from an order of the Court of Claims (Ferreira, J.), entered July 6, 2007, which granted defendant's motion to dismiss the claim.

Claimant is an inmate serving a sentence of six years to life in state prison. The Board of Parole denied his applications for release in 2000, 2002, 2004 and 2006. At his last appearance before the Board, claimant refused to give his name, identifying himself as "Secured Party/Creditor." This was apparently based upon his UCC-1 filing statements listing himself as creditor and debtor, thus asserting a lien over all of his own property and his allegedly trademarked name. In October 2006, claimant com-

menced this action in a rambling, 104-paragraph claim seeking over $250,000,000 in damages. Defendant moved to dismiss the claim for lack of subject matter jurisdiction. The Court of Claims granted the motion, finding that the court lacked subject matter jurisdiction to overturn the Board's determination, and any other claims were not pleaded with sufficient particularity. Claimant appeals.

Claimant asserts in his claim, in his response to defendant's motion and on appeal that he is not challenging the Board's determination denying his application for release. He realizes that the Court of Claims does not have jurisdiction over such matters, which must be addressed under CPLR article 78 (*see People ex rel. Brown v New York State Dept. of Correctional Servs., Parole Bd. Div.*, 67 AD2d 1108 [1979], *lv denied* 47 NY2d 707 [1979]), and informs us that he has commenced a separate proceeding in Supreme Court for that purpose. Accordingly, no such challenge is before us.

The Court of Claims did not err in dismissing the remaining aspects of the claim. Statutory conditions placed on claims against defendant must be strictly construed, mandating a dismissal for lack of jurisdiction if the claim does not meet the substantive pleading requirements found in Court of Claims Act § 11 (b) (*see Lepkowski v State of New York*, 1 NY3d 201, 206-209 [2003]; *Mujica v State of New York*, 24 AD3d 898, 899 [2005], *lv denied* 7 NY3d 701 [2006]; *Cendales v State of New York*, 2 AD3d 1165, 1168 [2003]). "The Court of Claims Act does not require [defendant] to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (*Lepkowski v State of New York*, 1 NY3d at 208 [citation omitted]). Claimant contends that the court misunderstood the gravamen of his claim. This Court also struggles to understand the basis for claimant's claim and the precise relief he is seeking. Rather than court error, we ascribe the difficulty of interpreting the claim to claimant's unclear pleading. Thus, we find that the court correctly dismissed the claim for failing to plead with sufficient particularity (*see Cendales v State of New York*, 2 AD3d at 1167-1168; *Sega v State of New York*, 246 AD2d 753, 755 [1998], *lv denied* 92 NY2d 805 [1998]; *McDowell v State of New York*, 230 AD2d 894, 895 [1996], *lv denied* 91 NY2d 801 [1997]; *Bowles v State of New York*, 208 AD2d 440, 443 [1994]).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.