Kavanagh, J.
Appeal from a judgment of the Court of Claims (Collins, J.), rendered March 21, 2007, which, among other things, granted defendant’s cross motion to dismiss the claim.
In April 2006, claimant filed a claim alleging false imprisonment. Specifically, claimant alleged that the State Board of Parole made various errors in computing the period of his parole supervision and, as a result, “he was repeatedly arrested, detained and resentenced” for his purported failure to report to parole. Following joinder of issue, claimant moved for a default judgment, contending that defendant failed to timely serve its answer. Defendant opposed the motion and cross-moved to dismiss the claim based upon, among other things, claimant’s failure to comply with the jurisdictional requirements of Court of Claims Act § 11 (b). The Court of Claims denied claimant’s motion and granted defendant’s cross motion, prompting this appeal.
We affirm. The Court of Claims granted defendant’s cross motion based upon claimant’s failure to allege the total sum claimed as damages, the date the claim accrued, the injuries claimed to have been sustained and/or the length of time that claimant allegedly was wrongfully confined. Although recent amendments to Court of Claims Act § 11 (b) obviate the need to allege the total sum claimed as damages where, as applicable here, a cause of action for personal injury has been alleged (see L 2007, ch 606, § 1; L 2008, ch 64, § 1; General Construction Law § 37-a), claimant nonetheless was required to allege “the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained” (Court of Claims Act § 11 [b]). The purpose of the foregoing pleading requirements “is to provide a sufficiently detailed description of the particulars of the claim to enable [defendant] to investigate and promptly ascertain the existence and extent of its liability” (Sinski v State of New York, 265 AD2d 319, 319 [1999]), and the failure to comply with Court of Claims Act § 11 (b) mandates dismissal for lack of subject matter jurisdiction (see Czynski v State of New York, 53 AD3d 881, 883 [2008]; Rivera v State of New York, 52 AD3d 1075, 1076 [2008]; Signature Health Ctr., LLC v State of New York, 42 AD3d 678, 679 [2007]).
Claimant allegedly was advised in January 2006 that he had been discharged from parole supervision effective May 28, 2005. Although not entirely clear, claimant appears to allege that he should have been released from parole supervision prior to that date and, as such, his various arrests and detentions for alleged parole violations during 2004 and 2005 were illegal. These vague *908 allegations aside, the claim is silent as to the time when and place where the claim arose, as well as the nature and extent of the injuries allegedly sustained. We therefore conclude that claimant failed to satisfy the pleading requirements of Court of Claims Act § 11 (b) and, as such, defendant’s cross motion to dismiss was properly granted.
Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.