Kavanagh, J.
Appeal from a judgment of the Court of Claims (Siegel, J.), entered July 26, 2007, which, among other things, granted defendant’s motion to dismiss the claim.
In January 2007, claimants filed a claim alleging that “[beginning on or about 1998 through June 22, 2005 in the Town of Massena, County of St. Lawrence and State of New York, and various other locations in St. Lawrence County,” Stephen Kotzen sexually abused and raped Skyler BB., claimant Christopher CC. and claimant Edward DD.* Contending that such acts occurred while Kotzen was in the course of his employment as a state law enforcement officer, claimants alleged that the State was vicariously liable for Kotzen’s conduct and, further, that the State had assumed a special relationship as to them. Defendant moved to dismiss asserting, among other things, that the claim failed to sufficiently allege the time when and place where the claim arose. Claimants opposed the motion and cross-moved for leave to amend their claim. The Court of Claims, among other things, granted defendant’s motion to dismiss, finding that the underlying claim was jurisdictionally defective. This appeal by claimants ensued.
We affirm. Court of Claims Act § 11 (b) provides, in relevant part, that a claim “shall state the time when and place where such claim arose.” The purpose of the pleading requirements contained therein “is to provide a sufficiently detailed description of the particulars of the claim to enable [defendant] to investigate and promptly ascertain the existence and extent of its liability” (Sinski v State of New York, 265 AD2d 319, 319 *933 [1999]). To that end, defendant is not required “to ferret out or assemble information that section 11 (b) obligates the claimant to allege” (Lepkowski v State of New York, 1 NY3d 201, 208 [2003]), and the failure to comply with the statutory requirements mandates dismissal for lack of subject matter jurisdiction (see Czynski v State of New York, 53 AD3d 881, 882-883 [2008]; Rivera v State of New York, 52 AD3d 1075, 1076 [2008]; Signature Health Ctr., LLC v State of New York, 42 AD3d 678, 679 [2007]). Here, claimants have alleged only that Kotzen engaged in numerous acts of sexual misconduct at various locations in St. Lawrence County over the course of an eight-year period. Such allegations fall short of satisfying the pleading requirements of Court of Claims Act § 11 (b) and, as such, defendant’s motion to dismiss was properly granted.
Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Kotzen previously pleaded guilty to two counts of attempted sodomy in the first degree and attempted criminal sexual act in the first degree and was sentenced to a term of imprisonment.