OPINION OF THE COURT
Per Curiam.
Order, dated July 15, 2009, reversed, without costs, the determination of the motion vacated, and matter remanded for a hearing on whether plaintiff is entitled to a toll under CPLR 208 and a new determination of defendant’s motion to dismiss.
A precondition to a lawsuit against defendant, a facility operated by the New York City Health and Hospitals Corporation, is service by plaintiff of a notice of intention to commence an action (i.e., a notice of claim) (see McKinney’s Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2), added by L 1969, ch 1016, § 1, as amended]; see also Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 609 [2005]). Under General Municipal Law § 50-e, a notice of claim must ordinarily be served within 90 days after the cause of action accrues (see Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630, 633 [1991]). However, a court may extend the time to serve a notice of claim for the period of the applicable statute of limitations (id.). Thus, “[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation [i.e., defendant]” (General Municipal Law § 50-e [5]), which is one year and 90 days (McKinney’s Uncons Laws of NY § 7401 [2]). Notably, the durational period of any extension of time within which to serve a notice of claim is, like the statute of limitations, tolled under CPLR 208 during the disability of the claimant (see Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 262-263 [1980]; see also Matter of Daniel J., 77 NY2d at 633).
*63 As is relevant to this appeal, CPLR 208 affords an insanity toll to an individual who, at the time of the accrual of the cause of action (see Siegel, NY Prac § 54 [4th ed]), was “unable to protect [his or her] legal rights because of an over-all inability to function in society” (McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]). The condition of an individual’s mental capabilities is largely a factual question (id.; Barnes v County of Onondaga, 103 AD2d 624, 628 [1984], affd 65 NY2d 664 [1985]), and the surrounding circumstances relevant to the claimant’s ability to safeguard his or her rights must be scrutinized (Bowles v State of New York, 208 AD2d 440, 442 [1994]).
Here, plaintiff was involuntarily confined on April 30, 2007 in the defendant hospital pursuant to Mental Hygiene Law § 9.39, which provides that a person alleged to have a mental illness that is likely to result in serious harm to the person or others may be held for involuntary mental health care and treatment. After his June 1, 2007 release from defendant’s facility, plaintiff commenced this action sounding in medical malpractice and unlawful imprisonment in February 2008. Defendant moved to dismiss the action under CPLR 3211 (a) (7), arguing that plaintiff neither served a notice of claim within 90 days of the accrual of his claims, nor sought leave to serve a late notice within one year and 90 days of the accrual of the claims.
At the time defendant moved to dismiss the action — April 2009 — more than one year and 90 days had lapsed since plaintiffs claims accrued. Therefore, defendant’s contention that this action is barred has facial appeal. However, based upon the record before us, there is at least an issue of fact as to whether, at the time his claims accrued, plaintiff was unable to protect his legal rights because of an overall inability to function in society (see Santana v Union Hosp. of Bronx, 300 AD2d 56 [2002]; Stackrow v New York Prop. Ins. Underwriter’s Assn., 115 AD2d 883 [1985]; see also Bowles, supra; Wheeler v State of New York, 104 AD2d 496, 498 [1984]). Plaintiffs psychiatric records generated during his involuntary confinement contain notes by psychiatrists who evaluated plaintiff which indicate that plaintiff, who had previously been diagnosed with bipolar disorder, was, among other things, unable to care for himself, exhibiting “poor insight and judgment” and suffering from “manic psychosis.” In light of the medical evidence submitted on the motion, a hearing is necessary to determine whether plaintiff was entitled to a toll under CPLR 208 and, if so, the extent of the toll. We note that plaintiff has not yet duly moved *64 for leave to serve a late notice of claim (see General Municipal Law § 50-e [5]).* However, only after the issue of the applicability of the toll is resolved can it be determined whether plaintiffs time to seek leave to serve a late notice of claim has lapsed (see Jackson v Coler-Goldwater Specialty Hosps. & Nursing Facility, 26 AD3d 198 [2006]).
On remand, Civil Court should consider whether to appoint a guardian ad litem on plaintiffs behalf (see CPLR 1201, 1202 [a]).
McKeon, EJ., Shulman and Hunter, Jr., JJ, concur.

 We need not and do not address whether Civil Court is a proper forum to adjudicate a motion for leave to serve a late notice of claim (see General Municipal Law § 50-e [7]; Siegel, NY Prac § 32 [4th ed]), an issue neither raised below nor briefed by the parties on appeal.