Clark v State of New York (2018 NY Slip Op 06844)





Clark v State of New York


2018 NY Slip Op 06844


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525916

[*1]DONNA CLARK, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: September 14, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Rumsey, JJ.


Donna Clark, Albany, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Court of Claims (Milano, J.), entered March 3, 2017, which granted defendant's motion to dismiss the claim.
From 2005 to 2007, claimant worked for the Office of the State Comptroller (hereinafter OSC) as a Calculations Clerk 1. In March 2007, claimant was placed on involuntary leave due to inappropriate behavior and, following hearings pursuant to Civil Service Law § 72, claimant was found to be unfit to perform her duties and a danger to her coworkers and was ultimately terminated from her employment in July 2009 (Clark v Dominique, 798 F Supp 2d 390, 395-398 [ND NY 2011]). Thereafter, claimant filed multiple employment-related discrimination complaints with the Equal Employment Opportunity Commission and commenced subsequent federal actions, each of which was dismissed (Clark v New York State Office of the Comptroller, 2014 WL 823289, *13, 2014 US Dist LEXIS 26575, *42 [ND NY, Mar. 3, 2014, No. 09-CV-716 (GLS/CFH)]; Clark v Dominique, 798 F Supp 2d at 395-398). In May 2014, claimant served a notice of intention to file a claim against defendant in which she raised allegations spanning from 1987 through March 2014 and continuing. In February 2016, claimant filed this claim seeking $120 million in damages as the result of alleged adverse and discriminatory employment actions taken by, among other government officials and personnel, various employees of OSC and the New York State and Local Retirement System. In lieu of answering, defendant moved to dismiss the claim, asserting, among other things, that the court lacked subject matter jurisdiction because the claim failed to comply with the substantive pleading requirements of Court of Claims Act § 11 (b). The Court of Claims granted defendant's motion, prompting this appeal by claimant.
We affirm. "Pursuant to Court of Claims Act § 11 (b), a claim must set forth the nature of the claim, the time when and place where it arose, the damages or injuries and the total sum claimed" (Morra v State of New York, 107 AD3d 1115, 1115 [2013]; see Davila v State of New York, 140 AD3d 1415, 1415-1416 [2016]; Langner v State of New York, 65 AD3d 780, 781 [2009]). "The purpose of the pleading requirements contained therein is to provide a sufficiently [*2]detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Robin BB. v State of New York, 56 AD3d 932, 932 [2008] [internal quotation marks, brackets and citation omitted]; see Jones v State of New York, 56 AD3d 906, 907 [2008]). To that end, the Court of Claims Act does not require defendant "to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (Robin BB. v State of New York, 56 AD3d at 932 [internal quotation marks and citation omitted]; see Rivera v State of New York, 52 AD3d 1075, 1076 [2008]). Strict compliance with the pleading requirements contained in Court of Claims Act § 11 (b) is required, and the failure to satisfy any of the pleading requirements is a jurisdictional defect (see Kolnacki v State of New York, 8 NY3d 277, 280-281 [2007]; Lepkowski v State of New York, 1 NY3d 201, 206-207 [2003]; Hogan v State of New York, 59 AD3d 754, 754-755 [2009]).
We agree with the Court of Claims that the claim, consisting of 88 prolix paragraphs, raises vague, conclusory and non-linear allegations that lack context and fail to provide a coherent and sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability (see Flemming v State of New York, 120 AD3d 848, 848 [2014]). Many of the allegations fail to provide a time and place when and where the alleged conduct occurred (see Court of Claims Act § 11 [b]), and, for those allegations that specify a date or general time period when alleged conduct occurred, the nature of the claim or identity and role of the individuals involved cannot be adequately ascertained (see Jones v State of New York, 56 AD3d at 907-908; Rivera v State of New York, 52 AD3d at 1076). In any event, inasmuch as the gravamen of the claim appears to be the manner in which claimant's employment was terminated in 2009, her May 2014 notice of intention to file a claim seeking review of OSC's determination to terminate her employment was untimely under any theory of relief (see Court of Claims Act § 10) and "may be reviewed only in the context of a CPLR article 78 proceeding commenced in Supreme Court, and not in an action brought in the Court of Claims" (Buonanotte v New York State Off. of Alcoholism & Substance Abuse Servs., 60 AD3d 1142, 1144 [2009], lv denied 12 NY3d 712 [2009]; see Hope for Youth, Inc. v State of New York, 125 AD3d 1211, 1212 [2015]). Thus, claimant failed to satisfy the pleading requirements of Court of Claims Act § 11 (b), and the Court of Claims therefore lacked subject matter jurisdiction and properly granted defendant's motion to dismiss the claim.
Egan Jr., J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.