OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed, with costs.
In each of these actions a claim against the State or the Thruway Authority was dismissed for failure to serve a copy of the claim on the Attorney-General in the manner prescribed by Court of Claims Act § 11. In Dreger, the claimant *723 served the Thruway Authority but neglected to serve the Attorney-General. In Charbonneau and Dalton, copies of the claims were mailed to the Attorney-General but were not sent by certified mail as the statute requires. Because of these failures, the actions were subsequently dismissed and are now time-barred. Pursuant to Court of Claims Act § 10 (6) and CPLR 205 (a), however, a party whose "timely commenced” action has been dismissed and is now time-barred may apply to the court for permission to recommence the action, provided the action was not dismissed for failure to prosecute or under other circumstances not relevant here. The question on appeal is whether these claimants failed to meet the statutory timely commencement requirement because of their failure to serve the Attorney-General properly.
The Court of Claims Act contains no recommencement provision of its own, but section 10 (6) expressly incorporates the time limitations and tolling provisions of CPLR article 2, and section 9 (9) requires that Court of Claims practice follow Supreme Court practice, unless other provisions are expressly made. Thus, these actions may be recommenced if they qualify for recommencement under CPLR 205 (a). Claimants rely on our decision in Finnerty v New York State Thruway Auth. (75 NY2d 721), where we held that the requirement of service on the Attorney-General could not be waived by the State because it implicated subject matter jurisdiction. They contend that it has long been the rule that recommencement under CPLR 205 (a) or its predecessor is possible when a lack of subject matter jurisdiction was the basis for the dismissal of the prior action (George v Mt. Sinai Hosp., 47 NY2d 170; Gaines v City of New York, 215 NY 533). Inasmuch as Finnerty stated that failure to serve the Attorney-General resulted in a loss of subject matter jurisdiction, they contend they are entitled to seek recommencement of their actions.
Resolution of these cases does not turn on whether proper service on the Attorney-General is characterized as a matter of subject matter jurisdiction, personal jurisdiction or a condition precedent. CPLR 205 (a) allows recommencement only where the prior action was "timely commenced.” Accordingly, we look not to the characterization of the grounds for dismissal, but to the narrow question of what constitutes timely commencement. We have consistently held that, for purposes of CPLR 205 (a) actions prior to the 1992 CPLR amendments (see, L 1992, ch 216, §§ 2, 4), timely commencement requires literal compliance with the relevant statutes governing notice *724 (Parker v Mack, 61 NY2d 114, 117; Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; see, CPLR 304 et seq.).
Court of Claims Act § 11 establishes a notice requirement in addition to that which may be applicable under other statutes: serving a copy of the claim or notice of intention on the Attorney-General, either personally or by certified mail with a return receipt requested (see, MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., 123 Misc 2d 307, affd 104 AD2d 139 [governmental entity separate from State must be served in addition to Attorney-General]). Under section 11, both filing with the court and service on the Attorney-General must occur within the applicable limitations period, and there is no basis for believing that the Legislature intended filing to independently constitute commencement. Because suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed (Lurie v State of New York, 73 AD2d 1006, affd 52 NY2d 849). Accordingly, where, as here, claimants have not met the literal requirements of Court of Claims Act § 11, their actions are not timely commenced, and relief under CPLR 205 (a) is not available.