■ JERROLD ZIMAN et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. JERROLD ZIMAN et al., Appellants, v STATE OF NEW YORK, Respondent. [653 NYS2d 17] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered May 10, 1995, which, *inter alia*, declared that plaintiffs' due process rights were not violated, and order, Court of Claims (Louis Benza, J.), entered on or about May 17, 1996, which, *inter alia*, granted defendant State of New York's cross motion for summary judgment dismissing appellants' claim, unanimously affirmed, without costs.

Since appellants did not meet the literal requirements of Court of Claims Act § 10 (1), the Court of Claims properly found that their action was not timely commenced and that relief under CPLR 205 (a) was not available to toll the statutory limitations period (*see, Dreger v New York State Thruway Auth.*, 81 NY2d 721).

The purported delay of respondent Division of Housing and Community Renewal in processing appellants' applications for hardship certificates of eviction necessitated by the passage of the Twenty Year Law (L 1984, ch 234) did not effect an unconstitutional "taking" of property since the law advanced a legitimate State interest and appellants were not denied an economically viable use of the property (*see, Dawson v Higgins*, 197 AD2d 127, 137-138, *appeal dismissed* 83 NY2d 996, *cert denied sub nom. Dawson v Halperin*, 513 US 1077). Nor were appellants deprived of due process by respondents' actions, or the laws and regulations involved herein, as all bore a reasonable relationship to a valid public purpose. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.