■ Commack Self-Service Kosher Meats, Inc., Doing Business as Commack Kosher, et al., Appellants, v State of New York, Respondent. (Claim No. 97970.) [704 NYS2d 737] —Crew III, J. Appeal from an order of the Court of Claims (McNamara, J.), entered December 18, 1998, which granted the State's motion to dismiss the claim.

On February 23, 1993, claimant Commack Self-Service Kosher Meats, Inc., a business owned and operated by claimants Evelyn Yarmeisch, Brian Yarmeisch and Jeffrey Yarmeisch, was cited by the Department of Agriculture and Markets for violating Agriculture and Markets Law § 201-b regarding the sale and preparation of kosher foods. Notice of such violation subsequently was published by the Department in an information release. Discussions between claimants and the Department apparently ensued and, by letter dated June 22, 1993, the Department advised claimants that it was withdrawing the penalty assessed and that notice of such withdrawal would be published in the Department's next public information release.

Five years later, in March 1998, claimants mailed a notice of claim to the Attorney General alleging, *inter alia*, that the Department had failed to expunge the February 1993 violation from claimants' record, as the result of which claimants had suffered immeasurable and irreparable injury to their reputation. The State answered and subsequently moved to dismiss contending, insofar as is relevant to this appeal, that the claim was time barred because it had not been served within 90 days of the date of accrual (*see*, Court of Claims Act § 10 [3]) and, further, that service was defective because it did not comply with the requirements set forth in Court of Claims Act § 11 (a). The Court of Claims granted the State's motion in this regard, prompting this appeal by claimants.

Court of Claims Act § 11 (a) provides, in relevant part, that a copy of the claim at issue "shall be served personally or by certified mail, return receipt requested, upon the attorney general." The requirements set forth in Court of Claims Act § 11 are jurisdictional in nature and, as such, must be strictly construed (*see, Finnerty v New York State Thruway Auth.*, 75 NY2d 721,

722). Although claimants assert that they complied with the foregoing statutory provision and, therefore, met their burden of establishing personal jurisdiction (*see generally*, *Hopkins v Tinghino*, 248 AD2d 794, 795), we cannot agree.

The record reflects that claimants mailed the underlying claim to the Attorney General via United States Postal Service Express Mail, a method of service that this Court previously has held does not satisfy the requirements outlined in Court of Claims Act § 11 (a) (*see*, *Hodge v State of New York*, 213 AD2d 766, 767). Although a photocopy of the mailing envelope indeed shows that a certified mail stamp was affixed thereto, the stamp itself is marked "VOID" and claimants neither produced the signed return receipt nor offered any explanation for its absence. Under such circumstances, we agree with the Court of Claims that service was defective and, hence, the claim was properly dismissed.

Moreover, even assuming that the claim was properly served and personal jurisdiction indeed was obtained, dismissal nonetheless was warranted as the claim was time barred. Pursuant to Court of Claims Act § 10 (3), a claim to recover damages for injuries to property or for personal injuries caused by the negligence or unintentional tort of an officer or employee of the State must be filed and served upon the Attorney General within 90 days of the accrual of such claim. In our view, the underlying claim accrued in June 1993 when the Department advised claimants that it was withdrawing the assessment previously imposed and that it would publish notice of such withdrawal in an upcoming public information release. At that point in time, claimants became aware that the prior violation notice was unwarranted, and any damage to their reputation certainly was "reasonably ascertainable" at that juncture (*see generally*, *Augat v State of New York*, 244 AD2d 835, 836, *lv denied* 91 NY2d 814).

To the extent that claimants attempt to invoke the " 'continuing violation' " doctrine by asserting that the ongoing damage to their reputation constitutes a continuing injury that accrues on a daily basis, we need note only that such doctrine is "predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (*Selkirk v State of New York*, 249 AD2d 818, 819). Thus, the mere fact that claimants may continue to suffer damage to their reputation does not alter the fact that the Department's unlawful conduct, if any, occurred five years before the claim was filed.

Nor are we persuaded that the claim may be said to have accrued on December 24, 1997, the most recent date upon which

claimants allegedly demanded that the Department expunge the violation from their record. By claimants' own admission, the December 1997 demand was the last in a series of "repeated requests" for expungement made to the Department over the course of "many years." Simply stated, claimants' March 1998 claim could not have been timely filed and served if it indeed was based upon the many "futile attempts by [c]laimants to have the Department expunge the * * * violation from the public record" that occurred prior to December 1997.

Claimants' remaining arguments regarding the service and timeliness issues have been examined and found to be lacking in merit. In light of our conclusion that the Court of Claims properly dismissed the claim on these grounds, we need not reach the merits.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.