■ RODALTE RODRIGUEZ, Appellant, v STATE OF NEW YORK, Respondent. [762 NYS2d 836] —Rose, J. Appeal from an order of the Court of Claims (McNamara, J.), entered June 17, 2002, which, inter alia, granted defendant's cross motion to dismiss the claim.

Following the administrative reversal of a determination finding him guilty of violating certain prison disciplinary rules, claimant filed a claim against defendant alleging unlawful confinement. Finding that claimant failed to serve the claim by certified mail as required by Court of Claims Act § 11, the Court of Claims dismissed it for lack of jurisdiction. This appeal ensued.

Pursuant to Court of Claims Act § 11 (a) (i), any party seeking to file a claim against the State must serve a copy of it upon the Attorney General by certified mail, return receipt requested. The Court of Appeals has noted in interpreting the above provision that "statutory requirements conditioning suit must be strictly construed" (*Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). Indeed, the failure to comply with the statute's certified mail requirement deprives the Court of Claims of subject matter jurisdiction and mandates dismissal (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 723 [1989]).

In the instant case, the claim was received by the Attorney General's office by ordinary mail. Since this defect in service is jurisdictional, we find no merit to claimant's contention that defendant is estopped from claiming a lack of jurisdiction because the state's prison officials, who control his mail, failed to effectuate the certified mailing that he requested and paid for. A lack of subject matter jurisdiction is a defect that cannot be overlooked or remedied by either waiver or estoppel (*see Finnerty v New York State Thruway Auth., supra* at 723; *Pagano v New York State Thruway Auth.*, 235 AD2d 408, 408 [1997], *lv denied* 90 NY2d 804 [1997]). Therefore, we find no basis upon which to disturb the order of dismissal. This holding, however, would not preclude claimant from refiling and reserving his claim or, if his claim were untimely, seeking permission to file and serve a late notice of claim (*see Eagle Ins. Co. v State of New York*, 71 AD2d 726, 727 [1979]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.