■ SIGNATURE HEALTH CENTER, LLC, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 107802.) (And Another Related Claim.) [840 NYS2d 191]—

Mugglin, J. Appeals (1) from an order of the Court of Claims (Collins, J.), entered May 19, 2005, which dismissed claimant's first claim as jurisdictionally defective, and (2) from an order of said court, entered January 17, 2006, which, inter alia, granted defendant's cross motion to dismiss the second claim.

Claimant's April 2003 CPLR article 78 proceeding in the nature of mandamus resulted in a judgment dated June 19, 2003 directing the Department of Health to publish claimant's revised Medicaid rates. Contemporaneously therewith, claimant filed a claim against defendant for damages flowing from the refusal of the Department of Health to publish claimant's revised Medicaid rates. Following dismissal of the claim as jurisdictionally defective for failure to comply with the substantive pleading requirements of Court of Claims Act § 11 (b), claimant filed a second claim. Claimant's second claim was dismissed by the Court of Claims as untimely and claimant now appeals from both orders.

---

The Court of Claims correctly dismissed claimant's first claim as jurisdictionally defective. Court of Claims Act § 11 (b) provides, in relevant part, that a claim "shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed." Failure to strictly comply with these substantive pleading requirements is a jurisdictional defect warranting dismissal for lack of subject matter jurisdiction (*see Kolnacki v State of New York*, 8 NY3d 277, 280 [2007]; *Lepkowski v State of New York*, 1 NY3d 201, 207-208 [2003]; *Alston v State of New York*, 97 NY2d 159, 164 [2001]). Nevertheless, claimant contends that dismissal was in error since the issue of subject matter jurisdiction was improperly raised by the court, sua sponte, and that *Lepkowski*, since it was decided seven months after the filing of the initial claim, should not have been applied retroactively. We disagree. A court may, sua sponte, raise issues regarding its subject matter jurisdiction (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 722 [1997]; *Matter of Bray v Marsolais*, 21 AD3d 1143, 1145 [2005]; *Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671 [1997]). With respect to the retroactive application of *Lepkowski*, we first note no change in decisional law. Strict compliance with the jurisdictional requirements of the Court of Claims Act is not a new principle (*see Kolnacki v State of New York, supra* at 281; *Lichtenstein v State of New York*, 93 NY2d 911, 913 [1999]; *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]). Second, a change in decisional law will normally be applied retroactively to all cases still in the normal litigation process as of the date of decision, except (as is not here the case) where the application of the new law would create significant and substantial instability in society (*see Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191 [1982]; *Gager v White*, 53 NY2d 475, 483-484 [1981], *cert denied* 454 US 1086 [1981]). Accordingly, we conclude that the Court of Claims correctly dismissed claimant's first claim.

We reach a contrary conclusion regarding the Court of Claim's dismissal of claimant's second claim. The Court of Claims held— and defendant argues on this appeal—that the statutory time constraints set forth in Court of Claims Act § 10 are conditions precedent to suit against defendant and, in the absence of compliance, defendant has not waived its sovereign immunity. Moreover, the court held (and defendant argues) that CPLR 205 (a) applies only to extend statutes of limitations and is inapplicable to extend conditions precedent to suit. While this rationale supports dismissal of claims not timely filed (*see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375 [1999]) or

not timely served (*see Dreger v New York State Thruway Auth.*, *supra* at 724), it is here undisputed that the conditions precedent found in Court of Claims Act § 10 were satisfied by timely filing and service of the first claim. "The Court of Claims Act contains no recommencement provision of its own, but section 10 (6) expressly incorporates the time limitations and tolling provisions of CPLR article 2, and [Court of Claims Act § ] 9 (9) requires that Court of Claims practice follow Supreme Court practice, unless other provisions are expressly made. Thus, these actions may be recommenced if they qualify for recommencement under CPLR 205 (a)" (*Dreger v New York State Thruway Auth.*, *supra* at 723). Here, claimant fully complied with the provisions of CPLR 205 (a) and, as that statute is applicable herein, the Court of Claims should not have dismissed the second claim as untimely.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order entered May 19, 2005 is affirmed, without costs. Ordered that the order entered January 17, 2006 is reversed, on the law, without costs, and cross motion denied.