Cardona, EJ.
Appeal from an order of the Court of Claims (Sise, EJ.), entered April 18, 2007, which granted defendants’ motion to dismiss the claim.
Claimant Commack Self-Service Kosher Meats, Inc. is a kosher food business owned and operated by claimants Brian Yarmeisch, Jeffrey Yarmeisch and Evelyn Yarmeisch. In 1986, 1987, 1988 and 1993, Commack was cited by the Department of Agriculture and Markets for, among other things, violating Agriculture and Markets Law former § 201-a with respect to the sale and preparation of certain kosher foods. Although Com-mack did not contest the 1986 and 1987 violations and paid the assessed fines, it took action to challenge the 1988 and 1993 violations. While the penalty relating to the 1993 violation was later rescinded,[1] the 1988 violation was referred to defendant Attorney General, who, on behalf of the State, commenced an action against Commack in 1989 in District Court of the County of Suffolk, First District, to collect the penalty. That action remained dormant until 1999, when Commack served a discovery demand. At that time, the Attorney General advised Com-mack and District Court that the State was withdrawing its action. By decision and order dated December 7, 1999, District Court discontinued the action with prejudice, noting in its decision that Commack had been heard in opposition thereto.
In the meantime, claimants filed a notice of claim in the Court of Claims on December 1, 1999 against representatives of vari *836 ous state agencies, including the Department, maintaining that defendants tortiously interfered with their religious rights under the state and federal constitutions.[2] After issue was joined, the court, among other things, denied defendants’ motion to dismiss the claim as untimely on the basis that claimants were not challenging an alleged wrong related to the 1988 violation but, rather, a “continuing” wrong that allegedly accrued in 1999 when the action in District Court was withdrawn. Thereafter, asserting that claimants did not state a viable cause of action against them, defendants moved to dismiss the claim. The Court of Claims granted the motion in its entirety, prompting this appeal.
Claimants contend that the Court of Claims erred in holding that Commack’s failure to appeal from or otherwise challenge District Court’s order permitting the- withdrawal of the State’s action is fatal to their claim. As noted by the Court of Claims, the essence of claimants’ challenge is their request for “compensation [for] the damage to [their] reputation and business caused when [the State] discontinued the action [in District Court] against [Commack], depriving [it] of the opportunity to contest the charges that it had violated Kosher law and, if successful, to be exonerated.” Although claimants concede that Commack did not challenge District Court’s order of discontinuance,[3] they nevertheless maintain that this was a deliberate choice inasmuch as that court could reportedly offer them no remedy as to their perceived wrongs other than a recision of the penalty assessed.
Claimants’ arguments are internally inconsistent. Specifically, claimants argue that the order of discontinuance in District Court impermissibly denied them a “forum in which they could defend themselves,” while, at the same time, they contend that *837 pursuing a remedy in District Court would have been pointless. Given the fact that Commack’s opportunity to pursue vindication in District Court by way of an appeal or other challenge was not finally foreclosed when claimants commenced the subject claim, the Court of Claims correctly found that they failed to state a viable claim for relief herein.
We note further that, even if we concluded that the failure to pursue their appeal rights in the action in District Court was not dispositive herein, claimants’ arguments would fail on the merits. According to claimants, their true challenge is to the State’s “continuing enforcement” of laws it should have realized would eventually be found to be unconstitutional. However, not only was the subject statutory scheme found to be unconstitutional after the date that claimants allege their claim accrued, the record contains nothing beyond speculation to support their various assertions that defendants acted with intentional malice in pursuing enforcement of then-valid laws. Nor do claimants produce credible proof that substantiates in any way their claims that the Department’s motivation in enforcing those laws was to violate claimants’ rights in contravention of federal and state law.
The remaining arguments raised by claimants and not specifically addressed herein have been examined and found to be lacking in merit.
Peters, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

. After the penalty relating to the 1993 violation was rescinded, claimants brought an action in the Court of Claims alleging that the State damaged their business and reputation by refusing to expunge the violation from its records. That claim was ultimately dismissed as untimely (Commack Self-Serv. Kosher Meats v State of New York, 270 AD2d 687 [2000]).

. At approximately the same time, claimants brought a separate action in federal court setting forth a facial challenge to the constitutionality of New York’s kosher food laws. A year later, those laws were held to be unconstitutional in Commack Self-Serv. Kosher Meats, Inc. v Rubin (106 F Supp 2d 445 [ED NY 2000]), which was later affirmed by the Second Circuit in Commack Self-Serv. Kosher Meats, Inc. v Weiss (294 F3d 415 [2d Cir 2002]).

. Notably, an action can be discontinued by a plaintiff only by stipulation signed by all parties or by order of a court (see CPLR 3217; see also Fed Rules Civ Pro rule 41 [a]). In the instant matter, District Court discontinued the action with prejudice and the court’s order indicates that it did so on notice to Commack. Significantly, such a dismissal can be appealed, and a defense of prejudice, if adequate, can preclude voluntaiy dismissal by a court (see White v County of Erie, 309 AD2d 1299, 1300 [2003]; Matter of Baltia Air Lines v CIBC Oppenheimer Corp., 273 AD2d 55, 57 [2000], Iv denied 95 NY2d 767 [2000]; see also OccuNomix Inti., LLC. v North Ocean Ventures, Inc., 2003 WL 22240660, *2, 2003 US Dist LEXIS 17085, *5-*6 [SD NY 2003]).