■ JOHN HOGAN, Appellant, v STATE OF NEW YORK, Respondent. [872 NYS2d 250]—

Peters, J.P. Appeal from a judgment of the Court of Claims (Marin, J.), entered September 21, 2007, which, among other things, granted defendant's cross motion to dismiss the claim.

Claimant, a prison inmate, filed this claim in March 2007 alleging that correction officers negligently broke his radio by opening it during a facility-wide frisk. Defendant answered and raised various affirmative defenses asserting, among other things, that the court lacked subject matter jurisdiction because claimant failed to state the total sum claimed as required by Court of Claims Act § 11 (b). Claimant moved to strike defendant's affirmative defenses and defendant cross-moved to dismiss the claim for lack of jurisdiction. The Court of Claims denied claimant's motion and granted defendant's cross motion, prompting this appeal.

We affirm. Court of Claims Act § 11 (b) provides, in relevant part, that "[t]he claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury, medical, dental or podiatric malpractice or wrongful death, the total sum claimed." Here, claimant concedes that he failed to set forth the total sum claimed and, as this Court previously has held, the failure to strictly comply with the substantive pleading requirements of Court of Claims Act § 11 (b) "is a jurisdictional defect warrant-

ing dismissal for lack of subject matter jurisdiction" (*Signature Health Ctr., LLC v State of New York*, 42 AD3d 678, 679 [2007]; *see Jones v State of New York*, 56 AD3d 906 [2008]). To the extent that claimant contends that he remedied this defect through a subsequent "addendum," we need note only that a jurisdictionally defective claim cannot be cured through an amendment (*see Manshul Constr. Corp. v State Ins. Fund*, 118 AD2d 983, 985 [1986]). Accordingly, the Court of Claims properly granted defendant's cross motion to dismiss the claim.

Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.