■ Sally Dinerman, Appellant, v NYS Lottery, Respondent. [893 NYS2d 681]—

Malone Jr., J.

Claimant apparently commenced an action in Supreme Court, Kings County, seeking money damages for injuries allegedly sustained as the result of defendant's conduct with respect to certain lottery drawings. Following the dismissal of that action for lack of subject matter jurisdiction (*Dinerman v NYS Lottery*, 58 AD3d 669 [2009]), claimant commenced this action in the Court of Claims contending, insofar as may be gleaned from her handwritten claim, that defendant failed to conduct a televised lottery drawing (or any drawing at all) on February 9, 2007, July 7, 2007, August 11, 2007 and December 25, 2007, that her lottery ticket for September 1, 2007 scanned as a losing ticket at a local vendor even though it was a winning ticket and that a vendor failed to give her a publicized ticket discount on August 11, 2007. Claimant sought damages ranging from $3 million to $330 million. Defendant moved to dismiss for failure to comply with the pleading requirements of Court of Claims Act § 11 (b), and claimant cross-moved for summary judgment and a change of venue. The Court of Claims granted defendant's motion and denied claimant's cross motions, prompting this appeal.

We affirm. Pursuant to Court of Claims Act § 11 (b), the underlying claim must state the time when and place where the

claim arose, the nature of the claim, the injuries claimed to have been sustained and, except in circumstances not relevant here, the total sum claimed (*see Hogan v State of New York*, 59 AD3d 754 [2009]). "Failure to strictly comply with these substantive pleading requirements is a jurisdictional defect warranting dismissal for lack of subject matter jurisdiction" (*Signature Health Ctr., LLC v State of New York*, 42 AD3d 678, 679 [2007] [citations omitted]; *see Rivera v State of New York*, 52 AD3d 1075, 1076 [2008]).

Here, to the extent that the claim alleges wrongdoing on the part of defendant (as opposed to an outside vendor), it fails to specify, among other things, the manner in and extent to which claimant purportedly was injured. Notably, although the claim sets forth the jackpot amounts for certain lottery drawings, nowhere is it alleged that claimant actually possessed winning tickets for those drawings. As it is not defendant's responsibility "to ferret out or assemble information that [Court of Claims Act § ] 11 (b) obligates the claimant to allege" (*Lepkowski v State of New York*, 1 NY3d 201, 208 [2003]), we cannot say that the Court of Claims erred in dismissing the claim for failing to plead with sufficient particularity. As a final matter, although "a jurisdictionally defective claim cannot be cured through an amendment" (*Hogan v State of New York*, 59 AD3d at 755), we note that the papers submitted by claimant in opposition to defendant's motion to dismiss are of no assistance to her, as such documentation in large measure refutes her allegations that no lottery drawing occurred on certain dates.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.