◼ LAWRENCE FEMMINELLA, Appellant, v STATE OF NEW YORK, Respondent. [896 NYS2d 533]—

Malone Jr., J. Appeal from an order of the Court of Claims (Milano, J.), entered October 10, 2008, which granted defendant's motion to dismiss the claim.

Seeking damages for an alleged unlawful confinement accruing in May 2007, claimant attempted to serve the Attorney General with a notice of intention to file a claim in August 2007 and served a verified claim in May 2008. Defendant moved to dismiss the claim on the basis that it was untimely because claimant's notice of intention was improperly served. The Court of Claims granted the motion, and this appeal ensued.

We affirm. Although, as relevant here, the timely service of a notice of intention to file a claim extends the deadline for filing and serving a claim from 90 days to two years (*see* Court of Claims Act § 10 [3]), a claimant suing defendant must satisfy the literal notice requirements of Court of Claims Act § 11 (*see Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724

---

[1992]). In that regard, a claim must be served "either personally or by certified mail, return receipt requested," and a notice of intention to file a claim must be served "similarly" (Court of Claims Act former § 11 [a] [i]).* We cannot agree with claimant's assertion that Federal Express—the mode of delivery employed by claimant here—strictly fulfills the foregoing statutory criteria (*see Commack Self-Serv. Kosher Meats v State of New York*, 270 AD2d 687, 687-688 [2000]; *Negron v State of New York*, 257 AD2d 652, 652 [1999]). Indeed, we have previously held that "[a]lternative mailings which do not equate to certified mail, return receipt requested, are inadequate and do not comply with Court of Claims Act § 11 (a)" (*Hodge v State of New York*, 213 AD2d 766, 767 [1995]). Accordingly, the Court of Claims properly found claimant's notice of intention to be deficient and, thus, it did not serve to extend claimant's time for filing and serving his claim.

Claimant's remaining contentions have been considered and are determined to be without merit.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

* As of September 1, 2009, Court of Claims Act § 11 (a) (i) expressly states that "[a]ny notice of intention shall be served personally or by certified mail, return receipt requested."