# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**883**

**CA 13-00148**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DAVID D. ZOECKLER, SR. AND DIANA ZOECKLER,
CLAIMANTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 118689.)

---

PETRONE & PETRONE, P.C., UTICA (MARK O. CHIECO OF COUNSEL), FOR
CLAIMANTS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Christopher J. McCarthy, J.), entered September 13, 2012. The order, among other things, granted the motion of defendant to dismiss the claim and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: After obtaining permission from the Court of Claims to file a late claim against defendant, claimants served their claim on the Attorney General by regular mail instead of by certified mail, return receipt requested, as required by Court of Claims Act § 11. Defendant's answer raised the defense that the court lacked, inter alia, subject matter jurisdiction based on claimants' improper service, and defendant later moved to dismiss the claim on that ground. Claimants opposed the motion and cross-moved for an order deeming the service corrected or disregarded pursuant to CPLR 2001. The court granted defendant's motion and denied claimants' cross motion, and we now affirm.

Court of Claims Act § 11 (a) (i) provides that a party seeking to file a claim against the State of New York must serve a copy of the claim upon the Attorney General by certified mail, return receipt requested. It is well settled that "nothing less than strict compliance with the jurisdictional requirements of the Court of Claims Act is necessary" (*Kolnacki v State of New York*, 8 NY3d 277, 281, *rearg denied* 8 NY3d 994; *see generally Lepkowski v State of New York*, 1 NY3d 201, 206-207; *Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724). Inasmuch as the claim herein was served by regular mail, the court was deprived of subject matter jurisdiction and thus

properly dismissed the claim (*see Spaight v State of New York*, 91 AD3d 995, 995; *Filozof v State of New York*, 45 AD3d 1405, 1406; *Rodriguez v State of New York*, 307 AD2d 657, 657; *see generally Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 723).

Contrary to claimants' contention, defendant's motion to dismiss on the ground of improper service, made approximately 20 months after service of its answer, was not precluded by the 60-day waiver provision of CPLR 3211 (e). The failure to comply with the service requirements in the Court of Claims Act "result[s] not in a failure of personal jurisdiction, . . . but in a failure of subject matter jurisdiction[,] which may not be waived" (*Finnerty*, 75 NY2d at 723). Contrary to claimants' further contention, the court properly denied their cross motion to correct or disregard the defect in service inasmuch as CPLR 2001 may not be used to correct a jurisdictional defect (*see Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 947, *lv dismissed in part and denied in part* 100 NY2d 548; *see also Matter of Miller v Waters*, 51 AD3d 113, 117; *Suarez v State of New York*, 193 AD2d 1037, 1038; *see generally Ruffin v Lion Corp.*, 15 NY3d 578, 581-582).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court