*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                 518407
_____

BERNABE ENCARNACION,
                    Appellant,
            v                          MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.


_____


        Bernabe Encarnacion, Attica, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.


_____


Rose, J.

        Appeal from an order of the Court of Claims (Collins, J.),
entered January 29, 2014, which denied claimant's application
pursuant to Court of Claims Act § 10 (6) for permission to file a
late claim.

        Claimant, an inmate, filed a claim seeking reimbursement
for the value of certain personal property missing from his cell
following a cell search.  He served the claim on defendant by
regular mail on July 29, 2013, and the 120-day period for filing
a valid claim expired on August 7, 2013 (see Court of Claims Act
§ 10 [9]).  Defendant served an answer raising as an affirmative
defense the lack of personal and subject matter jurisdiction
based upon claimant's failure to serve the claim by certified
mail, return receipt requested as required by Court of Claims Act
§ 11 (a) (i).   Thereafter, claimant made a pro se application

for permission to file a late claim.  The Court of Claims denied claimant's application and he now appeals.

We affirm.  The provisions of Court of Claims Act § 10 (6) that vest the Court of Claims with discretionary authority to permit the filing of a late claim do not apply to inmate property claims (see Roberts v State of New York, 11 AD3d 1000, 1001 [2004]).  Given that the claim here involves the loss of claimant's property following a cell search, his application for permission to file a late claim was properly denied.  Significantly, claimant's failure to comply with the provisions of Court of Claims Act § 11 (a) (i) requiring that the claim be served upon the Attorney General either personally or by certified mail, return receipt requested, is jurisdictional in nature (see Brown v State of New York, 114 AD3d 632, 632 [2014]; Zoeckler v State of New York, 109 AD3d 1133, 1133 [2013]).  In view of this, and given that defendant raised it as an affirmative defense, the claim must be dismissed (see Zoeckler v State of New York, 109 AD3d at 1133).  We have considered petitioner's remaining contentions and find them to be lacking in merit.

Garry, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs, and claim dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court