*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 29, 2016         519267
_____

ANTHONY TRIMBLE SR. et al.,
                    Appellants,
        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:   September 6, 2016

Before:   Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                    _____


        Anthony Trimble Sr., Napanoch, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____


Peters, P.J.

        Appeal from an order of the Court of Claims (Ferreira, J.),
entered June 11, 2014, which sua sponte dismissed the claim.

        Claimants, proceeding pro se, filed a claim attempting to
commence an action against defendant.  The Court of Claims, on
its own motion, directed claimants to show cause why the claim
should not be dismissed for failure to serve it on the Attorney
General in accordance with the requirements of Court of Claims
Act § 11 (a).  In response, claimants asserted that they had
served three "notices of intent" on the Attorney General at an
address in Mineola, New York, but provided certified mailing
return receipts indicating that such mailings were sent to the
Nassau County Attorney at that address.  As a result, the Court
of Claims found that claimants failed to comply with the service
requirements of Court of Claims Act § 11 (a) and dismissed the

claim.  Claimants now appeal.

        We affirm.  Court of Claims Act § 11 (a) (i) requires that a claim be served on the Attorney General either personally or by certified mail, return receipt requested (see Miranda v State of New York, 113 AD3d 943, 943 [2014]).  This requirement is jurisdictional in nature and the failure to comply with it mandates dismissal of the claim (see Encarnacion v State of New York, 133 AD3d 1049, 1050 [2015], lv denied 26 NY3d 919 [2016]; Miranda v State of New York, 113 AD3d at 943-944; Maude V. v New York State Off. of Children & Family Servs., 82 AD3d 1468, 1469 [2011]).  Here, it is undisputed that claimants failed to comply with the statute as they served the claim on the Nassau County Attorney, not the Attorney General.  Notwithstanding their assertion that this was an innocent mistake, the claim was properly dismissed due to this jurisdictional defect.

        McCarthy, Lynch, Rose and Clark, JJ., concur.


        ORDERED that the order is affirmed, without costs.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court