Suburban Restoration Co. Inc. v State of N.Y. (2021 NY Slip Op 03087)





Suburban Restoration Co. Inc. v State of N.Y.


2021 NY Slip Op 03087


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

529717
[*1]Suburban Restoration Co. Inc., Appellant,
v
State of New York, Respondent.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Law Offices of Charles Shaw, PC, Fort Lee, New Jersey (Karilyn M. Ward of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Court of Claims (Collins, J.), entered June 24, 2019, which granted defendant's motion to dismiss the claim.
Claimant commenced this action seeking damages for defendant's alleged breach of construction contracts and related claims after claimant provided "abatement, construction and/or repair services" at various facilities operated by defendant pursuant to the contracts and defendant refused to pay the full amount that claimant maintained it was owed. Claimant contends that, notwithstanding its unsuccessful earlier efforts to obtain leave to file and serve a late claim, its claim accrued on December 27, 2016. On June 22, 2017, claimant purported to serve the Attorney General with a notice of claim and proposed claim by Federal Express. The instant claim was ultimately filed in December 2018 and served in January 2019. Defendant moved to dismiss, contending, among other things, that service of the notice of claim by Federal Express was of no effect since it was not made in accordance with the Court of Claims Act and therefore the claim as ultimately filed and served was untimely. The Court of Claims granted the motion and dismissed the claim. Claimant appeals.
We affirm. Under the Court of Claims Act, a claim for breach of contract must be served and filed upon the Attorney General within six months of the claim's accrual, unless a notice of intention to file such a claim is properly served within six months of such accrual (see Court of Claims Act § 10 [4]). In such case, "the claim shall be filed and served upon the [A]ttorney [G]eneral within two years after such accrual" (Court of Claims Act § 10 [4]). Court of Claims Act § 11 (a) (i) requires that a claim or notice of intent "shall be served personally or by certified mail, return receipt requested, upon the [A]ttorney [G]eneral." A claimant suing defendant must satisfy the literal notice and service requirements of Court of Claims Act § 11 (see Encarnacion v State of New York, 133 AD3d 1049, 1050 [2015], lv denied 26 NY3d 919 [2016]; Brown v State of New York, 114 AD3d 632, 632 [2014]; Caci v State of New York, 107 AD3d 1121, 1122 [2013]). The requirement that a claim or notice of intention to file a claim be served upon the Attorney General either personally or by certified mail is jurisdictional (see Encarnacion v State of New York, 133 AD3d at 1050; Brown v State of New York, 114 AD3d at 632; Zoeckler v State of New York, 109 AD3d 1133, 1133 [2013]). Indeed, we have previously held that "[a]lternative mailings which do not equate to certified mail, return receipt requested, are inadequate and do not comply with Court of Claims Act § 11 (a)" (Femminella v State of New York, 71 AD3d 1319, 1320 [2010] [internal quotation marks and citation omitted]).
Here, as the Court of Claims properly found, service by claimant of its notice of intention to file a claim by Federal Express failed to comply with the provisions of Court of Claims Act § 11 (a) [*2](i), rendering such service ineffective (see id.). Thus, the time for claimant to file its claim was not extended, and the claim filed in December 2019, well over six months after the claim's alleged accrual, was untimely and properly dismissed. Claimant's remaining contentions have been considered and are determined to be without merit. In view of the foregoing, we need not address defendant's alternate arguments for affirmance.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.