Williams v State of New York (2025 NY Slip Op 02977)

Williams v State of New York

2025 NY Slip Op 02977

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CV-23-1895
[*1]Alvin Williams, Appellant,
v
State of New York, Respondent.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Herman Law, New York City (Daniel Ellis of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Clark, J.
Appeal from an order of the Court of Claims (Catherine Leahy-Scott, J.), entered September 1, 2023, which, among other things, granted defendant's motion to dismiss the claim.
In June 2021, claimant brought a claim against defendant pursuant to the Child Victims Act (L 2019, ch 11 [hereinafter CVA]). Upon defendant's motion, the Court of Claims found that claimant's failure to satisfy the pleading requirements of Court of Claims Act § 11 (b) deprived it of jurisdiction. As such, the court dismissed that claim through an order entered July 1, 2022; claimant did not appeal therefrom. Then, in December 2022, claimant filed the instant claim against defendant based on the same series of events. Defendant filed a pre-answer motion to dismiss arguing, as relevant on appeal, that although the claim was filed within the time limit set forth in CPLR 205 (a), service had been untimely. Claimant opposed the motion, acknowledging that the Attorney General was not timely served, but he cross-moved seeking to deem said late service acceptable or for an extension of time to serve the claim. The Court of Claims found that claimant's failure to timely serve was fatal to his claim, as it deprived the court of jurisdiction. Accordingly, the court denied claimant's cross-motion, granted defendant's motion and dismissed the instant claim. Claimant appeals.
The relevant facts are uncontroverted. In June 2021, claimant filed a claim against defendant pursuant to the CVA, which provided victims of childhood sexual assault a brief window within which to bring civil claims that had otherwise been barred by the applicable statute of limitations (see CPLR 214-g). That claim was timely filed with the Court of Claims Clerk's office and timely served upon the Attorney General before the expiration of the timeline provided by the CVA (see Court of Claims Act § 11 [a] [i]).[FN1] Defendant moved to dismiss that claim, arguing that claimant had failed to satisfy the substantive pleading requirements of Court of Claims Act § 11 (b). The Court of Claims agreed and, having rejected claimant's argument that the CVA relaxed such pleading requirements, dismissed the claim. Claimant was served with a notice of entry of the order of dismissal, and he did not file a notice of appeal before the time to appeal expired on August 4, 2022.
Thereafter, relying on CPLR 205 (a), defendant filed the instant claim in December 2022. Although the Court of Claims Act lacks its own recommencement provision, where a prior claim was "timely commenced" but was subsequently dismissed,[FN2] the claimant "may commence a new [claim] upon the same . . . series of transactions or occurrences within six months after the termination" of the prior claim (CPLR 205 [a]; see Dreger v New York State Thruway Auth., 81 NY2d 721, 723 [1992]; Signature Health Ctr., LLC v State of New York, 42 AD3d 678, 679-680 [3d Dept 2007]).[FN3] As defendant concedes, the June 2021 claim was timely commenced, such that CPLR 205 (a) allowed claimant [*2]to commence the instant claim within six months of August 4, 2022, when the time to appeal from the order dismissing the June 2021 claim expired; in other words, claimant was required to file and serve the instant claim by February 6, 2023. The instant claim was timely filed in December 2022, but claimant admits that, "due to inadvertent miscommunication and law office failure, service of process [upon the Attorney General] was not completed until February 13, 2023." Since claimant was required to file the instant claim with the court and serve it upon the Attorney General by February 6, 2023, and failed to do the latter, he did not properly commence the instant claim within the six-month timeline allotted by CPLR 205 (a) (see Court of Claims Act § 11 [a] [i]; Dreger v New York State Thruway Auth., 81 NY2d at 724; compare Signature Health Ctr., LLC v State of New York, 42 AD3d at 680).
Nevertheless, claimant argues that the Court of Claims erred in declining to apply CPLR 306-b to permit late service. We disagree. Consistent with the overarching principle that the "statutory requirements . . . upon which defendant's waiver of sovereign immunity is conditioned . . . must be strictly construed" (Berg v State of New York, 228 AD3d 1077, 1077 [3d Dept 2024]; see Kolnacki v State of New York, 8 NY3d 277, 280 [2007]; Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]), the provisions of the CPLR only apply in the Court of Claims where a procedural gap exists within the Court of Claims Act (see Court of Claims Act § 9 [9]; 22 NYCRR 206.1 [c]; Dreger v New York State Thruway Auth., 81 NY2d at 723). When enacted into law, "CPLR 306-b transformed New York from a commencement-by-service to a commencement-by-filing jurisdiction" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 100 [2001]; see Jones v Bill, 10 NY3d 550, 555 [2008]). Indeed, CPLR 306-b expressly provides a timeline for service "after the commencement" of an action or proceeding. By contrast, commencing litigation before the Court of Claims requires both filing and service (see Court of Claims Act § 11 [a] [i]; Dreger v New York State Thruway Auth., 81 NY2d at 724; Tooks v State of New York, 40 AD3d 1347, 1348 [3d Dept 2007], lv denied 9 NY3d 814 [2007]). As the application of CPLR 306-b would be in direct conflict with the requirements of Court of Claims Act § 11, we find that the Court of Claims did not err in declining to apply it (see Van Buskirk v State of New York, 22 Misc 3d 953, 956-957 [Ct Cl 2008], affd for reasons stated below 70 AD3d 1313 [4th Dept 2010]).[FN4]
Having found that CPLR 306-b was unavailable to extend the time for service, claimant's failure to effectuate timely service upon the Attorney General was a jurisdictional defect (see Suburban Restoration Co. Inc. v State of New York, 194 AD3d 1204, 1204-1205 [3d Dept 2021], lv denied 37 NY3d 919 [2022]; see also Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [1989]; Encarnacion v State of New York, 133 [*3]AD3d 1049, 1050 [3d Dept 2015], lv denied 26 NY3d 919 [2016]; Walsh v State of New York, 180 AD2d 290, 292 [3d Dept 1992]). Thus, the Court of Claims properly dismissed the claim. To the extent not expressly addressed herein, claimant's remaining contentions have been examined and found to lack merit.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: CVA claims had to be commenced by August 14, 2021 (see CPLR 214-g).
Footnote 2: Recommencement pursuant to CPLR 205 (a) is subject to exceptions not relevant herein. Specifically, any claim that was "terminated . . . by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits" is not eligible for recommencement (CPLR 205 [a]).

Footnote 3: Court of Claims Act § 10 (6) expressly incorporates the time limitations and tolling provisions set forth in CPLR article 2.

Footnote 4: To the extent that claimant argues that the passage of the CVA evinced the Legislature's intent to relax the requirements of the Court of Claims Act, we note that the Court of Appeals recently rejected a similar argument (see generally Wright v State of New York, ___ NY3d ___, ___, 2025 NY Slip Op 01564, *4 [2025]).