Moore v State of New York

2026 NY Slip Op 02312

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ernastiaze Moore, Appellant,

v

State of New York, Respondent.

Decided and Entered:April 16, 2026

CV-25-0161

Calendar Date: February 9, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Liakas Law, PC, New York City (Jillian Rosen of Pollack, Pollack, Isaac & DeCicco, LLP, New York City, of counsel), for appellant.

Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

[*1]

Clark, J.P.

Appeal from an order of the Court of Claims (Catherine Schaewe, J.), entered November 22, 2024, which denied claimant's motion to amend the claim and dismissed the claim.

In November 2023, claimant, an incarcerated individual, filed a claim against defendant under the Adult Survivors Act (see CPLR 214-j [hereinafter ASA]), seeking damages for two alleged sexual assaults perpetrated against him by a correction officer. The claim described the nature and circumstances of the incidents, specified the name of the correction officer who allegedly perpetrated the assaults, and set forth January 20, 2022 and June 9, 2022 as the incident dates. Defendant answered and raised various affirmative defenses, including that the claim failed to comport with the requirements of Court of Claims Act § 11 (b) insofar as it did not specify sufficient information about the time, place and nature of the conduct to enable defendant to adequately investigate.

During a virtual court conference in February 2024, claimant's counsel revealed that the year of the alleged incidents as set forth in the claim was incorrect and that the correct dates were January 20, 2023 and June 9, 2023, respectively. Claimant's counsel thereafter sent an email to defendant's counsel that included a copy of a proposed amended claim reflecting the correct year of the incidents, seeking for counsel to stipulate to a correction of the year. After defendant declined to do so, claimant moved to amend the claim to reflect the correct dates of the alleged sexual assaults. Defendant opposed the motion. The Court of Claims denied claimant's motion and dismissed the claim, finding that it failed to satisfy the pleading requirements of Court of Claims Act § 11 (b) insofar as it set forth incorrect dates of the alleged assaults and that the defect was jurisdictional. Claimant appeals.FN1

We are constrained to affirm. With the enactment of the Court of Claims Act, the State has waived its sovereign immunity from suits for money damages "provided [that] the claimant complies with the limitations" set forth in article II of the Act (Court of Claims Act § 8; see Kolnacki v State of New York, 8 NY3d 277, 280 [2007]). Court of Claims Act § 11 (b) — which is contained within article II — requires a claim to state "(1) 'the nature of the claim'; (2) 'the time when' it arose; (3) the 'place where it arose'; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed' " (Wright v State of New York, 43 NY3d 532, 538 [2025], quoting Lepkowski v State of New York, 1 NY3d 201, 207 [2003]). "To adequately plead when the claim arose, the claimant must allege the date of the tort or other claim, as the case may be, with sufficient definiteness to enable the State to investigate the claim promptly and ascertain its potential liability" (Matter of Geneva Foundry Litig., 173 AD3d 1812, 1813 [4th Dept 2019] [citation omitted]). " 'Because suits against the State are allowed only by the [*2]State's waiver of sovereign immunity and in derogation of the common law, [the conditions of Court of Claims Act § 11 (b)] must be strictly construed' " (Wright v State of New York, 43 NY3d at 538, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; see Kolnacki v State of New York, 8 NY3d at 280; Lichtenstein v State of New York, 93 NY2d 911, 913 [1999]), and " '[t]he failure to satisfy any of the conditions is a jurisdictional defect' mandating dismissal" (Wright v State of New York, 43 NY3d at 539, quoting Kolnacki v State of New York, 8 NY3d at 281).

Claimant argues that, unlike situations where a claim fails to set forth any date of the alleged incident or lacks specificity in that regard, the claim here was not jurisdictionally defective since it comported with the "literal requirements" of Court of Claims Act § 11 (b) by setting forth two specific dates of the alleged assaults, with only a one-digit mistake in the year. The point is well taken. However, inasmuch as the requirements of Court of Claims Act § 11 (b) are to be " 'strictly construed' " (Wright v State of New York, 43 NY3d at 538, quoting Dreger v New York State Thruway Auth., 81 NY2d at 724), courts of this State have consistently held that the failure to "correctly identify the date" on which the claim arose constitutes a jurisdictional defect (Sacher v State of New York, 211 AD3d 867, 876 [2d Dept 2022]; see Musumeci v State of New York, 220 AD3d 877, 879 [2d Dept 2023]; Matter of DeMairo v State of New York, 172 AD3d 856, 857 [2d Dept 2019]; compare Gang v State of New York, 177 AD3d 1300, 1304 [4th Dept 2019]). We discern no basis to depart from those holdings and conclude that the claim here was jurisdictionally defective for failing to state the correct year of the alleged assaults.

Claimant additionally argues that the Court of Claims abused its discretion in declining to grant his motion to amend the claim to correct the error, citing Court of Claims Act § 9 (8) as the statutory mechanism authorizing such an amendment. Although such provision vests the Court of Claims with broad authority to "amend, correct, or modify any . . . claim . . . in furtherance of justice for any error in form or substance," such amendment authority applies to nonjurisdictional defects (Court of Claims Act § 9 [8]; see Gang v State of New York, 177 AD3d at 1305). Here, by contrast, the defect deprived the court of subject matter jurisdiction and "c[ould not] be cured through an amendment" (Hogan v State of New York, 59 AD3d 754, 755 [3d Dept 2009]; accord Dinerman v NYS Lottery, 69 AD3d 1145, 1146 [3d Dept 2010], lv dismissed 15 NY3d 911 [2010]; compare Harris v State of New York, 38 AD3d 144, 150 [2d Dept 2007]; Central School Dist. No. 1, Towns of Lake George, Queensbury, Bolton & Fort Ann v State of New York, 28 AD2d 1062, 1062 [3d Dept 1967]).FN2 Accordingly, the Court of Claims had no authority to grant claimant's motion to amend and properly denied the motion.

Claimant's [*3]remaining contentions regarding equitable estoppel and lack of prejudice are also unavailing (see Wright v State of New York, 43 NY3d at 539; Pagano v New York State Thruway Auth., 235 AD2d 408, 408 [2d Dept 1997], lv denied 90 NY2d 804 [1997]). We recognize that the result in this case is " 'harsh, [but] it is for the Legislature, not this Court, to set the terms of the State's waiver of immunity' " (Viscuso v State of New York, 238 AD3d 1402, 1405 [3d Dept 2025], quoting Kolnacki v State of New York, 8 NY3d at 281). Defendant's remaining contentions, to the extent not expressly addressed, have been considered and found unavailing. Accordingly, the order must be affirmed.

Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Prior to oral argument on the appeal, defense counsel provided a letter to this Court advising that the Legislature recently added a new subdivision (d) to Court of Claims Act § 11, which exempts certain claims relating to injuries suffered while in custody from the jurisdictional requirements set forth in Court of Claims Act § 11 (b). Defendant's counsel argued in the letter that the claim here does not fit within the parameters of that subdivision and claimant's counsel conceded as much during oral argument before this Court.

Footnote 2: Contrary to claimant's contention, the Second Department's decision in Buonincontro v State of New York (241 AD3d 486 [2d Dept 2025]), which held that the Court of Claims erred in failing to allow the claimant to amend an unverified notice of intention to file a claim to comport with the verification requirements of Court of Claims Act § 11 (b), is distinguishable and does not support a finding that the Court of Claims had the authority to permit an amendment in this case.